## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

IN RE                          )

                               )     **Case No. 09-20178-TLM**

**STERLING MINING COMPANY,**   )

                               )     **Chapter 11**

                               )

       **Debtor in Possession.**   )

_____  )

## MEMORANDUM OF DECISION
_____

On June 4, 2009, Sunshine Precious Metals, Inc. ("SPMI") filed a "Motion to Dismiss Voluntary Chapter XI [*sic*, 11] Petition," Doc. No. 163, and set that motion for hearing on June 22, 2009. *See* Doc. No. 164 (Notice of Hearing).

June 22 is a hearing date in this chapter 11 case on another matter filed by SPMI, regarding lease assumption, which hearing was set with the approval of the Court at a June 2, 2009 status conference. *See* Doc. No. 154 (minute entry); Doc. No. 178 (Notice of Hearing). The motion to dismiss was not discussed at that status conference, nor did the Court then give approval for its setting on June 22.

When SPMI contacted the Court's clerk for a hearing date on the motion to dismiss, the June 22 date was provided by the clerk subject to SPMI filing, and the Court granting, a motion to shorten time for notice and hearing. On June 8, 2009, SPMI filed a Motion to Shorten Time, *see* Doc. No. 169 (the "Motion"). SPMI

MEMORANDUM OF DECISION - 1

served notice of the Motion, and also notice of the underlying motion to dismiss,

on the parties shown on the master mailing list.  *See* Doc. Nos. 170, 171, 173.

On June 10, 2009, Sterling Mining Company, the chapter 11 Debtor in

Possession ("Sterling"), and Alberta Star Development Corp, a party in interest,

filed objections to the motion to shorten time on SPMI's motion to dismiss.  *See*

Doc. Nos. 181, 183.  A day later, another objection was filed by Minco Silver

Corporation.  *See* Doc. No. 188.

This Decision addresses the Motion.  SPMI there moves the Court to

shorten the time required for notice of the motion to dismiss to ten days.  Doc. No.

169 at 1.  The Motion is based on an annexed declaration of counsel which states:

> this Motion to shorten time for the hearing on the Motion to Dismiss
> this Voluntary Petition is based upon judicial economy because if this
> motion is granted numerous other motions and issues pending before
> this court will become moot.

*Id.* at 2.  There is no other argument, no further alleged grounds, and no citation to

authority.

The time required for notice of the hearing on a request to dismiss a chapter

11 case is twenty (20) days.  Fed. R. Bankr. P. 2002(a)(4).  This prescribed period

is extended an additional three (3) days to account for service of the notice.  Fed.

R. Bankr. P. 9006(f).  The service of the notice of hearing on the motion to

dismiss occurred on June 4.  Doc. No. 166.  The hearing could not occur any

MEMORANDUM OF DECISION - 2

earlier than Monday, June 29, under the Rules unless the Court agreed to shorten

the notice period.[1]

Reduction of time is governed by Fed. R. Bankr. P. 9006(c).  Since the

notice of hearing on a dismissal request is not a period the Court is forbidden to

reduce, *see* Fed. R. Bankr. P. 9006(c)(2), the matter is one committed to the

Court's discretion under Fed. R. Bankr. P. 9006(c)(1), which provides:

> Except as provided in paragraph (2) of this subdivision, when an act is
> required or allowed to be done at or within a specified time by these
> rules or by a notice given thereunder or by order of court, the court for
> cause shown may in its discretion with or without motion or notice
> order the period reduced.

The Court concludes, in its discretion, that SPMI has failed to establish

adequate cause for reduction of time.  The fact that dismissal of the case would

moot other issues and other scheduled hearings is self evident.  However, this is

inadequate cause for truncating the notice of the hearing on the motion the Rules

otherwise require to be given the debtor in possession, creditors and parties in

interest.[2]

The Court finds that the Motion is not well taken.  It will therefore be

---

[1]   Under Fed. R. Bankr. P. 9006(a), which governs computation of time, June 29 is the
appropriate date because the 23-day notice period expires on the immediately preceding weekend.

[2]   At best, the "judicial economy" alleged by SPMI might suggest that a hearing on
dismissal (with proper notice) precede other hearings in the case.  However, that sort of
sequencing of hearings is not possible given that other matters are already appropriately
scheduled for the June 22-24 calendar.

MEMORANDUM OF DECISION - 3

denied, and the objections of Sterling and the other two parties in interest

sustained.

SPMI may notice the motion to dismiss, if it desires, for 9:30 a.m. on

Tuesday, August 4, 2009, the next regularly scheduled date for evidentiary

hearings in this Court's Coeur d'Alene division.[3]  In the event SPMI elects to do

so, it shall serve the motion to dismiss and the notice of hearing on all creditors

and interested parties.  Further, if such a hearing is set, the Court will require all

parties intending to appear and be heard at that hearing to file a disclosure of

witnesses and exhibits not later than July 24, 2009, and to file briefs not later than

July 28, 2009.  The parties previously appearing and presenting evidence in this

matter (SPMI, Sterling, and SNS Silver Corp.) will use the exhibit numbering

protocol previously established.  *See* Doc. No. 154 (status conference minute

entry).  Additional parties wishing to present evidence shall coordinate pre-

marking and numbering of exhibits with the Court's clerk.  *Id.*

The Court will enter an order accordingly.

---

[3]  Non-evidentiary hearings could be scheduled for Tuesday, July 14, by video
conference.  However, the Court reminds all parties that hearings may not be scheduled or notice
issued until the motion or matter at issue and proposed date have been cleared by the Court's
clerk.  *See* LBR 2002.2(e)(1) ("Unless the calendar clerk provides a hearing date after such
contact [by the requesting party's counsel], the matter will not be scheduled for hearing and will
not be heard.").

MEMORANDUM OF DECISION - 4

DATED:  June 12, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5