UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE                              ) | |
|                                                         ) | **Case No. 09-20178-TLM** |
| **STERLING MINING COMPANY,**     ) | |
|      ) | **Chapter 11** |
|      ) | |
|      **Debtor in Possession.**     ) | |
| _____  ) | |

**AMENDED MEMORANDUM OF DECISION
ON MOTION FOR RECONSIDERATION**
_____

**INTRODUCTION AND BACKGROUND**

On May 15, 2009, this Court entered a Memorandum of Decision. Doc. No. 131 ("Decision"). In the Decision, the Court set out its findings of fact and conclusions of law,[1] and determined – on the evidence presented at hearing May 5-6, 2009 – that:

(1) a lease between Sterling Mining Company ("Sterling"), now the Debtor in Possession in this chapter 11 case, and Sunshine Precious Metals, Inc. ("SPMI") was not terminated pre-bankruptcy and is subject to assumption under § 365 of the Code;[2]

---

[1] *See* Fed. R. Bankr. P. 7052, 9014.

[2] Unless otherwise indicated, all statutory citations herein are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

AMENDED MEMORANDUM OF DECISION - 1

(2) a motion for assumption of that lease made by the Debtor in Possession Sterling would be approved; and

(3) a motion by the Debtor in Possession for approval of post-petition financing would be approved on an interim basis subject to final approval on notice and hearing.

On May 29, 2009, the Court entered an Interim Order Approving Post-Petition Financing Agreement. *See* Doc. No. 142. The Court has not entered an order, as yet, approving the Debtor in Possession's motion to assume the lease. *See* Fed. R. Bankr. P. 9021.[3] The lease assumption was subject to a further hearing if there were disputes as to the precise amounts required for cure of monetary defaults. *See* Doc. No. 131 at 33 n.39. That issue has now been noticed for hearing on June 22, 2009. *See* Doc. No. 154. The final hearing on approval of post-petition financing has been noticed for June 23, 2009. *Id.*

On June 1, 2009, SPMI filed a "Motion for Reconsideration" directed to the Decision. *See* Doc. No. 151 ("Motion"). The Motion is brought "pursuant to BR 9023 incorporating FRCP 59." *Id.* at 1. Objections to the Motion were filed by the Debtor in Possession, *see* Doc. No. 156, and by Minco Silver, *see* Doc. 162.

---

[3] Rule 9021 provides:

> Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

AMENDED MEMORANDUM OF DECISION - 2

Pursuant to a status conference with the parties, the Court took the Motion and objections under advisement without oral argument. Doc. No. 154. This decision resolves the Motion.[4]

## DISCUSSION AND DISPOSITION

SPMI's Motion raises four issues. Summarized, they are:

1) The Idaho state court had no jurisdiction to issue a temporary restraining order, and the litigants before that court, even though entering into an agreed order regarding injunctive relief, could not confer jurisdiction on the state court, and consequently the state court's orders were null and void.

2) This Court failed in its Decision to address operation of § 17.3 of the subject Lease related to SPMI's remedies for failure to make lease payments.

3) This Court failed in its Decision to address § 24.7 of the Lease, requiring ambiguities in the lease to be interpreted *contra proferentem*.[5]

4) The Decision interprets matters of Idaho state law never conclusively determined by the Idaho Supreme Court, and such matters should be "referred" to that court for resolution.

Upon consideration of the submissions and applicable law, the Court determines that the Motion is not well taken, and it will be denied.

---

[4] Under Fed. R. Civ. P. 58(a)(4), incorporated by Fed. R. Bankr. P. 9021, a "separate document" is not required when ruling upon a Rule 59 motion. Nevertheless, the Court will enter such a separate order on the instant Decision.

[5] This Latin phrase means "against the offeror" and refers to a doctrine that ambiguities in a document be construed against its drafter. Black's Law Dictionary 352 (8th ed. 2004).

AMENDED MEMORANDUM OF DECISION - 3

  **A.** **Standards applicable to Rule 59 (Bankruptcy Rule 9023) motions**

   **1.** **Time for filing a Rule 59 motion**

A motion under Rule 59, made applicable here by Fed. R. Bankr. P. 9023, "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Motion was filed on June 1, 2009. The Decision – which is what SPMI purportedly seeks to reconsider under this Motion – was filed May 15, 2009.[6]

As noted, the Court has yet to enter an order on the lease-assumption aspect of the Decision, or a final order on the post-petition financing aspect. The lack of order on the Decision renders the Motion premature. Nevertheless, the Court will not deny the Motion on this basis because, in all likelihood, SPMI would re-file the Motion upon entry of the final order. The Court will not require such an exercise; it will address the merits of the Motion now. *See Lund v. Chem. Bank*,

---

[6] SPMI apparently assumes the 10-day deadline of Rule 59(e) was triggered by this Court's May 15, 2009 Decision. It also assumes that the June 1, 2009 filing would be timely made under the Rules. Both assumptions are in error. The May 25 Decision would not trigger the running of the 10-day period of Rule 59(e) because that period runs from "the entry of the judgment" (which Rule 9021, noted earlier, requires to be a "separate document" from the Decision). Moreover, if the period did commence with the entry of the Decision, the June 1, 2009 filing of the Motion would not be timely. Under Fed. R. Bankr. P. 9006(a), parties do not count intervening Saturdays, Sundays, and legal holidays if the "period of time allowed or proscribed is less than 8 days . . . ." Thus, given the 10-day period at issue, SPMI here would be required to count the intervening weekend days (May 16, 17, 23, and 24). So calculated, the deadline would fall on May 25, 2009. Because May 25 was Memorial Day, the Motion deadline would have been the following day, May 26, 2009. *See* Fed. R. Bankr. P. 9006(a) ("The last day of the period so computed shall be included unless it is a Saturday, Sunday, or a legal holiday[.]").

AMENDED MEMORANDUM OF DECISION - 4

675 F. Supp. 815, 816-17 (S.D.N.Y. 1987), *rev'd on other grounds*, *Lund's Inc. v. Chem. Bank*, 870 F.2d 840 (2d Cir. 1989).

### 2. Rule 59 standards

"A motion to alter or amend a judgment under Rule 59(e) is appropriate only if the moving party clearly establishes (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence." *Elsaesser v. Fehrs (In re Fehrs)*, 08.4 I.B.C.R. 153, 153, 2008 WL 4443062, at *2 (Bankr. D. Idaho Sept. 26, 2008) (citations omitted). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (citations omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). *Fehrs* summarizes the authorities that bar attempts to raise new legal theories or arguments in motions for reconsideration when they could have and should have been raised earlier. 08.4 I.B.C.R. at 153-54, 2008 WL 4443062 at *2-3 (citing, *inter alia*, *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 664-65 (9th Cir. 1999); *Ward v. Sorrento Lactalis, Inc.*, 2005 WL 1378767 (D. Idaho June 3, 2005)). *See also Marble v.*

*United States*, 2008 WL 4545207, at *1 (Bankr. D. Idaho Oct. 2, 2008) (same).

The Court turns to the four issues raised.

**B.     SPMI's contentions**

**1.     State court jurisdiction and the TRO**

SPMI's first issue is confusing, but is characterized by SPMI as a "jurisdictional issue." Doc. No. 15 at 1. SPMI argues that because of perceived defects or errors in the state court litigation, "the State Court had no jurisdiction to issue a Temporary Restraining Order[.]" *Id.* at 2. Thus, it contends, the orders in the state court, including the TRO, are "null and void."

There are three major defects with this argument. First, it was not raised at the time of hearing, and the Rule 59 authorities noted make it improper to attempt to cure defects in earlier submissions through such a motion. Parties are bound by their legal and strategic decisions in litigation, and cannot present new theories under the guise of a motion to alter or amend.[7]

Second, this Court has no ability to act as an appellate court in review of the propriety of the state court's orders. If the TRO or any other order of that court was jurisdictionally defective, the remedy lies with that court or a state appellate court, not through collateral attack in this Court.

---

[7] Further, much of the argument on this ground, *see* Doc. No. 151 at 1-2, relates to questions of Minco Silver's interests and an alleged assignment or security interest by Sterling to Minco Silver. No evidence was introduced on such matters and they were not presented for decision.

AMENDED MEMORANDUM OF DECISION - 6

Third, the TRO was not the basis for the Court's Decision: "Whether certain of the acts were rendered ineffective by reason of the TRO provides a superfluous basis for the . . . conclusion [that the Lease was not terminated]." Doc. No. 131 at 25-26; *see also id.* at 30-31 ("even if . . . free from the restraint of the TRO, there still was not a surrender of the Lease under applicable law."). The allegation of jurisdictional ineffectiveness of the TRO, even if true and if capable of assertion under the Motion, still does not alter the decisions reached by the Court.

### 2. Section 17.3 of the Lease

SPMI contends next that the Court "did not address" § 17.3 of the Lease, and quotes a portion thereof.

The Decision discusses many of the provisions of § 17, as they were argued by the parties at the time of hearing. SPMI's initial problem is that, whatever importance it attaches to this particular provision, its failure to argue it at the time of hearing prevents it from raising the question in a Rule 59 motion.

Additionally, SPMI does not explain why the quoted portion of the Lease matters. The provision cited states that the "sole remedy of Sunshine for Sterling's failure to make Lease Payments shall be termination of this Lease[.]" However, the evidence was that the Lease payments were current at the time of the filing of the petition.

AMENDED MEMORANDUM OF DECISION - 7

Nor does this section grant an automatic termination. The Decision discusses the termination provisions of § 17 of the Lease, and found the Lease was not terminated prior to Sterling's bankruptcy. *Id.* at 16-17. That the Lease in this provision *limited* SPMI's remedy for payment defaults does not mean that a payment default immediately and irrevocably caused a termination of the Lease.

### 3. Section 24.7 of the Lease

SPMI argues that this provision of the Lease acknowledges the document was prepared by Sterling's counsel. It suggests, therefore, that ambiguities be construed against the Debtor in Possession.

In addition to being another argument tardily raised in contravention of Rule 59 authorities, the defect in this assertion is that the Court did not render its Decision based on a finding that provisions of the Lease were ambiguous. There was no construction of ambiguities to which the suggested doctrine would apply.

### 4. Issues of state law

Finally, SPMI contends that the Decision addresses matters of Idaho law not "finally adjudicated" by the Idaho Supreme Court, and that the same should be "referred" to that Court.

There is no doubt that state law must be applied to decide the question of rights under the Lease and whether the Lease was terminated prior to bankruptcy. *See* Doc. No. 131 at 14-15. The question is how such law should be analyzed and

AMENDED MEMORANDUM OF DECISION - 8

applied.

SPMI's first problem is that it failed to address at hearing or in its briefing any Idaho law regarding construction of the Lease or termination of the Lease. *See id.* at 12, n. 23. Rule 59 does not authorize post-decisional correction of that omission.

When state law is unsettled or has not directly addressed an issue of law, the charge to a federal court faced with the issue is clear: it "must predict how the highest state court would decide the issue." *In re First Alliance Mortgage Co.*, 471 F.3d 977, 993 (9th Cir. 2006) (citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)); *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003) (when the state's highest court has not addressed an issue, the federal court's task is to predict how the highest state court would decide the issue using intermediate appellate decisions, decisions from other jurisdictions, statutes, and secondary authorities as guidance). *See also Wilson v. Arkinson (In re Wilson)*, 341 B.R. 21, 24 (9th Cir. BAP 2006); *Schnelling v. Budd (In re Agribiotech, Inc.)*, 291 F. Supp. 2d 1186, 1190-91 (D. Nev. 2003) (same, and also noting that federal courts "'are not precluded from affording relief simply because the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy'" (quoting *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 186 (9th Cir. 1989)) .

AMENDED MEMORANDUM OF DECISION - 9

Thus, the fact that Idaho law might be unsettled does not require this Court to cease its duties to adjudicate disputes. Rather, the process should continue, with the Court endeavoring to determine how any state law issues would be resolved.[8]

SPMI's Motion "requests that [two] issues be referred to the Supreme Court of Idaho for final resolution." Doc. No. 151 at 2-3.[9] There is no suggestion made by SPMI as to how such a "referral" would occur.

There is a process available for "certification" of questions of law to the the Idaho Supreme Court. *See* Idaho App. R. 12.2. This Court has had an opportunity to consider that process. *See JP Morgan Chase Bank, N.A., v. Cougar Crest Lodge, LLC (In re Weddle)*, 2006 WL 3692425 (Bankr. D. Idaho Dec. 12, 2006).

While there is a policy served by certification, it is not mandatory: "[I]t is

---

[8] The Court does not concede that there are "unsettled" issues of law in the present case that trigger a certification inquiry. The Court identified, in its Decision, Idaho law applicable to the issues of lease termination and to posting of bonds. The holdings and principles articulated in the Idaho cases and the state's statutes and rules were then applied to the facts as established by the evidence the parties chose to present at the hearing in this case. The Court did not identify in its Decision a "question of law . . . as to which there is no controlling precedent in the decisions of the Idaho Supreme Court[.]" Idaho App. R. 12.2(a)(1).

[9] It characterizes these "issues" as the "Court's reliance on the legal principles articulated in the dissenting opinion of Chief Judge Bakes on pages 19-20 of the Memorandum Decision" and the Court's "construction of the Idaho cases relating to the posting of a bond." *Id.* at 3. This styling suggests that the matter is not really that there are unsettled questions of [state] law as much as it is a disagreement with how this Court analyzed and applied extant Idaho law. The latter, of course, is a matter for appeal, not certification.

AMENDED MEMORANDUM OF DECISION - 10

quite clear this Court regularly applies Idaho law to solve myriad issues presented in bankruptcy cases and adversary proceedings. Quite often those issues are unsettled under Idaho law, and the Court is required to render decisions construing the law as it believes the Idaho Supreme Court would if presented with the question." *Id.* at *4.[10] *Weddle* noted further that "[w]hile the Court has the ability to consider certification *sua sponte*, it regularly declines to do so, and undertakes its own analysis and determination of the question of Idaho law in consideration of the litigants' need for a prompt resolution. This is often of some importance in bankruptcy litigation." *Id.*

Not only did SPMI fail to seasonably request certification, the context of this litigation does not lend itself to certification. The Court would have exercised its discretion to deny a request for certification had it been timely made.

## CONCLUSION

SPMI's Rule 59 Motion lacks merit. The objections to the Motion will be sustained, and the Motion will be denied. The Court will issue an Order so providing.

---

[10] Idaho Appellate Rule 12.2(a) indicates that the federal court "may" certify a question. The certification by a federal court is not obligatory, even when the court is presented with an uncertain question of state law. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974).

AMENDED MEMORANDUM OF DECISION - 11

DATED: June 18, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

AMENDED MEMORANDUM OF DECISION - 12