## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 09-20178-TLM |
| STERLING MINING COMPANY, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor in Possession. ) | |
| _____ ) | |

### DECISION ON MOTIONS TO RECONSIDER
_____

On August 11, 2009, this Court issued a Memorandum of Decision and Order denying the Motion of Sunshine Precious Metals, Inc. ("SPMI") to dismiss this chapter 11 case. Doc. No. 296 ("Dismissal Decision"), Doc. 298 ("Dismissal Order"). On August 14, 2009, SPMI filed a Motion for Reconsideration, Doc. No. 313, and then on August 17, an Amended Motion for Reconsideration, Doc. No. 317 (collectively the "Motion"), in regard to the Dismissal Order.

On August 14, this Court issued a Memorandum of Decision and Order granting the Debtor in Possession's request for turnover of the Sunshine Mine. Doc. No. 311, Doc. No. 312 ("Turnover Order"). The Turnover Order is directed to SPMI, the entity currently in possession of the Mine. On August 20, SPMI filed another Motion for Reconsideration. *See* Doc. No. 324 ("Related Motion"). In the Related Motion, SPMI argues the Turnover Order was entered in excess of

MEMORANDUM OF DECISION - 1

this Court's jurisdiction, an argument that presumes SPMI's Motion directed to the Dismissal Order will be granted.

The Court has reviewed the Motion, and the Related Motion, and determines that the same may be resolved without hearing.

As has been often noted, there is no such thing as a "motion to reconsider." *See Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.),* 311 B.R. 530, 539 (9th Cir. BAP 2004), *In re Moore*, 01.4 I.B.C.R. 134, 134-35 (Bankr. D. Idaho 2001). Depending on the timing of filing such mistitled motions, they fall under (and should properly plead the elements and standards of) either Fed. R. Bankr. P. 9023 or Fed. R. Bankr. P. 9024. *See In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005); *Moore*, 01.4 I.B.C.R. at 134-35.

Here, the Motion and Related Motion fall under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59 in bankruptcy cases, as they were filed within ten (10) days of the challenged orders. Though timely filed, they are not well taken.

In *In re Wilson*, 349 B.R. 831 (Bankr. D. Idaho 2006), this Court held:

Pursuant to Fed. R. Civ. P. 59(e), [the movant] has the burden to:

> clearly establish manifest error of fact, a manifest error of law, or the existence of newly discovered evidence. *Hale v. United States Tr. (In re Basham)*, 208 B.R. 926, 934 (9th Cir. BAP 1997); *Krommenhoek v. Covino (In re Covino)*, 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 140-41

MEMORANDUM OF DECISION - 2

> (Bankr. D. Idaho 1999); *Jimenez v. Rodriguez (In re Rodriguez)*, 233 B.R. 212, 218-19 (Bankr. D. Puerto Rico 1999). The motion may not be used to simply ask the court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate. *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996); *Alexander v. Bleau (In re Am. West Airlines, Inc.)*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999).

*Id.* at 834 (quoting *In re Couch-Russell*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004)). *See also Marble v. United States (In re Marble)*, 2008 WL 4545207, at *1 (Bankr. D. Idaho Oct. 2, 2008); *Elsaesser v. Fehrs (In re Fehrs)*, 08.4 I.B.C.R. 153, 153-54, 2008 WL 4443062, at *2-*3 (Bankr. D. Idaho 2008).[1]

The Court concludes that the Motion raises only matters and issues previously raised, argued and evaluated by the Court in reaching the Dismissal Decision and entering the Dismissal Order. Further, the issues raised by the Motion, to the extent they were not expressly argued, were nonetheless independently considered by the Court in rendering the Dismissal Decision. The Motion asks the Court to rethink what it already decided.

The Court appreciates that SPMI believes strongly in the correctness of its analyses and position. However, so do SPMI's opponents. The Court carefully

---

[1] Additional authorities relevant to consideration of Rule 59 motions were outlined in an earlier Memorandum of Decision in the instant case, Doc. No. 205, denying an SPMI motion to reconsider. That decision is reported as *In re Sterling Mining Co.*, 2009 WL 1739996 (Bankr. D. Idaho June 18, 2009).

MEMORANDUM OF DECISION - 3

and deliberately considered the arguments and contentions of all parties in rendering its Dismissal Decision and Dismissal Order. That SPMI disagrees that the matter was correctly decided is not grounds for a motion for reconsideration asking the Court to rethink its ruling; arguments that the Court was in error on the issues it considered and resolved should be directed to an appellate court. *See Am. West Airline*, 240 B.R. at 38 (citing *Above The Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

Under the authorities noted, and following evaluation of the Motion, the Court concludes that the same shall be denied.

Further, because the Dismissal Order stands and is not altered or amended, the "jurisdictional" argument that underpins the Related Motion is not well taken. The Related Motion will also be denied.

An appropriate order will be entered.

DATED: August 24, 2009

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE