Ford Elsaesser, ISB#2205
Bruce A. Anderson, ISB #3392
James Macdonald, ISB#7257
ELSAESSER JARZABEK ANDERSON
MARKS & ELLIOTT, CHTD.
Attorneys at Law
1400 Northwood Center Court
Coeur d'Alene, ID  83814
Tel:    (208) 667-2900
Fax:    (208) 667-2150

Attorney for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| In Re: | Case No. 09-20178-TLM |
|---|---|
| STERLING MINING COMPANY, | MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DATE FOR CONFIRMATION OF PLAN OR REORGANIZATION |
| Debtor-in-Possession | |

COMES NOW Debtor-in-Possession, Sterling Mining Company ("Debtor"), by and through its undersigned counsel Bruce A. Anderson of Elsaesser Jarzabek Anderson Marks & Elliott, Chtd., and submits this memorandum in support of its Motion to Extend Date for Confirmation of Plan of Reorganization ("Motion"). The Debtor has requested an extension until May 31, 2010, to obtain acceptance of its plan.

**JURISDICTION AND VENUE**

The Court has jurisdiction to consider the relief requested in the Motion pursuant to 28 U.S.C. § 1334(b).  This matter is a core proceeding pursuant to 28 USC § 157(b). Venue is proper under 28 USC §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

On March 4, 2009, ("Petition Date") Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 the Debtor continues to operate and manage its affairs as a debtor-in-possession. No trustee or examiner has been appointed in this case.

On August 12, 2009, at Docket # 305, this Court entered an Order Extending Exclusivity Period, which extended the period set forth at 11 U.S.C. §§ 1121(c)(2) and 1121(c)(3) for the filing and confirmation of a plan to December 2, 2010, and February 1, 2010, respectively. On December 2, 2009, Debtor timely filed its Plan or Reorganization and Disclosure Statement, and hearings on the approval of the Disclosure Statement are in process.

The Debtor has filed a Motion to Determine Penalty Amount Due EPA/Coeur d'Alene Tribe, Docket #469. Hearing on this matter is set for March 10, 11 and 12, 2010, in Boise, Idaho. It is Debtor's belief that confirmation must necessarily follow the determination by the Court of the amounts due the EPA/Coeur d'Alene Tribe for penalties due relating to non payment of net smelter royalties, thus the necessity for this motion.

## ARGUMENT

The purpose of the requested extension is to give the Debtor a reasonable amount of time to confirm a plan of reorganization. The underlying policy of Chapter 11 is a successful rehabilitation of the debtor. *See NLRB v. Bildisco & Bildisco,* 465 US 513, 527 (1984). A plan of reorganization is the principal means of achieving this goal. *See In re Economy Cab and Tool Co.,* 44 B.R. 721, 725 (Bankr.D.Minn. 1984); *In re Trainer's, Inc.,* 17 B.R. 246, 247-48 (Bankr. E.D. Pa. 1982).

Pursuant to Section 1121(b) of the Bankruptcy Code, the debtor is granted the exclusive right to file a Chapter 11 Plan for a certain period of time. Section 1121(b) provides:

> Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

Sterling has timely filed its plan and disclosure statement.

Section 1121(c)(3) of the Bankruptcy Code provides the debtor with an additional period of 60 days in which the debtor may solicit acceptances of its proposed plan:

> Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if...
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

Section 1121 (d)(1) of the Bankruptcy Code provides for reduction or extension of the above-stated time periods:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

Section 1121(d)(2) of the Bankruptcy Code limits the amount of time the Court may extend the exclusivity periods:

(A)  The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B)  The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

Sterling makes no request to go beyond 20 months.

MEMORANDUM IN SUPPORT
OF MOTION TO EXTEND DATE
FOR CONFIRMATION OF PLAN
OR REORGANIZATION                    -3-

The exclusivity period embodies recognition by Congress that the debtor-in-possession is the party in the best position to understand and address the interests of all of the parties involved in a Chapter 11 bankruptcy case, and that the best chance for a successful reorganization lays in the ability of the debtor-in-possession to balance the interests of parties to the case. In determining whether cause exists under § 1121(d) to extend the exclusivity period for filing a plan and obtaining acceptance of a plan, the courts consider nine factors: (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan and prepare adequate information; (3) good faith progress towards reorganization; (4) whether a debtor is paying its bills on time; (5) whether reasonable prospects for filing a feasible plan have been demonstrated; (6) whether the debtor has progressed in negotiations with creditors; (7) the amount of time elapsed in the case; (8) whether an extension of exclusivity is sought to pressure creditors to submit to the debtor's demands; and (9) whether there are unresolved contingencies. *See generally In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); and *In re Service Merchandise Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000).

Application of the nine factors referenced above favors extending exclusivity, as follows:

1. **The size and complexity of the case.** This is one of the larger cases to be filed in this district. This case involves the possession and ownership of a valuable silver mine. It is expected that all aspects of this case will be strongly contested by Sunshine Precious Metals, Inc., the Lessor.

2. **The necessity for sufficient time to permit the debtor to negotiate a plan and prepare adequate information.** Although the case was filed on March 4, 2009, substantial time

has been spent on the issues involving the assumption of the Leasehold. The Debtor has successfully asked the Court that the Lease be assumable, has obtained interim financing, is now in the position of purging appropriate defaults, and has filed a plan and disclosure statement. However, the March hearing on the EPA/Coeur d'Alene Tribe penalties must precede the confirmation of a plan since bidding determines what can be paid through the plan.

3. **Good faith progress towards reorganization.** The Debtor has been proceeding in good faith and has filed its plan and disclosure statement.

4. **Whether a debtor is paying its bills on time.** As reflected in the Debtor's monthly reports filed with the Court, the Debtor is timely paying all of its post-petition obligations.

5. **Whether reasonable prospects for filing a feasible plan have been demonstrated.** The Debtor's plan relies on bids towards the Debtor's issued but unauthorized common stock. The Debtor hopes to secure bids in an amount sufficient to pay off all defaults, assume the Sunshine Lease, pay secured claims and provide a good recovery to the unsecured general claimants. Until the amounts due the EPA/Coeur d'Alene Tribe on the penalties are known, the Debtor can only speculate as to what amounts are needed to accomplish these goals. The Debtor has concluded that determinations of the penalty amount must necessarily precede a confirmation hearing.

6. **Whether the debtor has progressed in negotiations with creditors.** Debtor has diligently attempted to negotiate a settlement with the EPA/Coeur d'Alene Tribe on the penalty figures. As of this date, no settlement has been reached, although the parties are still in discussion. While the matter has been set for hearing on March 10, 11 & 12, 2010, Debtor

continues its efforts to settle before that date and, if successful, may attempt to confirm a plan at an earlier date. However, out of precaution, Debtor herein seeks the confirmation date to be continued a reasonable period of time after the March, 2010, hearing with the hope that if the hearing is held the Court can rule prior to the confirmation date, which in turn will enable those parties interested in bidding on the Debtor's stock to do so in a manner that will accomplish Debtor's goals.

7. **The amount of time elapsed in the case.** The Debtor has filed its plan and disclosure statement and is in the middle of hearings regarding approval of the disclosure statement. The penalty hearing in March drives the necessity for this requested extension. The Debtor has diligently moved towards confirmation of a plan of reorganization.

8. **Whether an extension of exclusivity is sought to pressure creditors to submit to the debtor's demands.** The extension is not being sought to pressure creditors but only to give the Debtor the opportunity to confirm a plan of reorganization.

9. **Whether there are unresolved contingencies.** There are unresolved contingencies, being the penalty issue, which must be determined before a plan can be confirmed.

## CONCLUSION

Debtor requests an extension of time of up to no later than May 31, 2010, to confirm its plan of reorganization. The Debtor herein has set forth reasoning, all of which is in good faith, and seeks to accommodate the goal of providing the unsecured creditors with a reasonable dividend on their claims. For these reasons, Debtor requests that the Court grant this motion.

Dated this 7th day of January, 2010.

          ELSAESSER JARZABEK ANDERSON
          MARKS & ELLIOTT, CHTD.

          Bruce A. Anderson
          Attorneys for Debtor-in-Possession Sterling Mining Company