Larry E. Prince (ISB # 1759)
Robert A. Faucher (ISB # 4745)
Katherine L. Georger (ISB # 8188 )
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:   (208) 342-5000
Facsimile:    (208) 343-8869
E-Mail:  lprince@hollandhart.com
         rfaucher@hollandhart.com
         klgeorger@hollandhart.com

Attorneys for Sunshine Precious Metals, Inc. and Sunshine Property Group, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| In re:  Sterling Mining Company, Debtor. | USBC Case No. 09-20178-TLM |
|---|---|

## THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL

NOW COME SUNSHINE PRECIOUS METALS, INC. AND SUNSHINE PROPERTY GROUP, LLC, by and through their counsel of record Holland & Hart LLP, and respectfully represent as follows for this, their emergency motion for stay pending appeal.

1.   This Court has entered its "Order Authorizing and Approving Sale of Assets and Assignment of Contracts Free and Clear of All Liens, Claims, Rights, Interests, and Encumbrances," docket no. 650 (the "Sale Order"), authorizing debtor Sterling Mining Company ("Debtor") to sell all of its assets, including the Sunshine Mine lease between Sunshine Precious Metals, Inc. ("Sunshine") and Debtor (the "Lease").

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 1**

2.     The Sale Order contains a provision waiving the protection normally afforded to parties considering an appeal under Bankruptcy Rules 6004(h) and 6006(d).  Accordingly, the Order is immediately effective.

3.     The Sunshine Companies intend to appeal the Order.  They hereby move the Court for an order staying the effectiveness of the Sale Order pending the appeal.  They make this Motion pursuant to Bankruptcy Rule 8005.

## GOVERNING LAW

4.     Courts decide whether to issue a stay pending appeal under Bankruptcy Rule 8005 based on a standard similar to that used to decide whether to grant a preliminary injunction.  *In re Zahela*, 93 IBCR 296, 301 (Bankr. D. Idaho 1993) (*citing Schrader v. Idaho Dep't of Health and Welfare*, 590 F. Supp. 544, 560 (D. Idaho 1984), *rev'd on other grounds*, 768 F.2d 1007 (9th Cir. 1985)).  The standard is as follows:

> In this circuit there are two interrelated legal tests for the issuance of a preliminary injunction.  The tests are not separate, but rather represent the outer reaches of a single continuum. . . .  At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury.  At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.  The relative hardship to the parties is a critical element in deciding at which point along the continuum a stay is justified.

*In re Zahela*, 93 IBCR at 301 (*quoting Schrader*, 590 F.Supp. at 560).

5.     The test, then, instructs the Court to focus on the likelihood of success on appeal and the relative hardships to be borne by the parties.  Under the relevant standard, Sunshine is entitled to a stay of the Sale Order.

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 2**

## LIKELIHOOD OF SUCCESS ON APPEAL

6. This Court is already quite familiar with the matters at issue.

7. Sunshine would respectfully submit that the likelihood of its success upon an appeal are high. Sunshine identifies below four possible grounds for an appeal.

8. The Sale Order grants relief to Debtor under Bankruptcy Code section 363(f)(4) even though Debtor never requested any relief under that subsection and that subsection was first identified as a basis for relief one business day before the commencement of the hearing in a brief filed by buyer Silver Opportunity Partners, LLC ("Buyer").

9. The Sale Order seemingly authorizes Debtor to sell assets which Debtor never identified in its motion. Nor were those assets identified in the relevant purchase and sale agreement. Nor did Debtor present any evidence that it owned certain of the assets.

10. With respect to a purchase option, the Sale Order ostensibly adjudicates the non-bankruptcy legal effect of a purported exercise of the purchase option even though Debtor exercised the purchase option without Court approval and no motion ever raised any question regarding the non-bankruptcy legal effect of the exercise of the purchase option. Indeed, the purchase option was purportedly exercised fewer than 15 days ago.

11. The Sale Order ostensibly adjudicates, in ¶¶ 19-20, rights in a bankruptcy case that does not exist.

## BALANCING OF THE HARDSHIPS

12. As this Court is well aware, Debtor will contend that the closing of Debtor's sale will have the effect of mooting Sunshine's appeal of the Sale Order. 11 U.S.C. § 363(m). "[A] party who chooses to appeal but who fails to obtain a stay or injunction pending appeal risks losing its ability to realize the benefit of a successful appeal." *In re Combined Metals Reduction*

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 3**

*Co.*, 557 F.2d 179, 188 (9th Cir. 1977).  This constitutes a potential harm to Sunshine.  *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co.*, 225 B.R. 225, 228 (D. Kans. 1998) ("We recognize that the likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to Appellants.").

13. Sunshine well recognizes that, under the Sale Order, it has the benefit of claims against the sales proceeds in respect of its property rights.  However, Sunshine has, it believes, been denied the benefit of ownership of its own assets without appropriate notice.  That denial of ownership rights works substantial prejudice upon it.

14. The imposition of a stay will undoubtedly work some harm upon Debtor, as the Court recognized when it, in its Sale Order, waived the requirements of Bankruptcy Rules 6004(h) and 6006(d).  Nonetheless, the purchase and sale agreement does not require a closing until August 2010, so there remains a possibility that the imposition of a stay will not necessarily prevent the occurrence of the proposed sale if Sunshine's appeal is unsuccessful.  Moreover, of course, Debtor and Buyer may well contractually agree that they will consummate the sale in the event of an unsuccessful appeal even if the appeal extends beyond August.

15. Buyer clearly has the funds to provide Debtor with additional debtor in possession financing pending determination of the appeal.  Additional financing remains available under the Minco facility in the amount of $250,000.  Further, Sunshine's business executives believe that Sunshine has the capacity to comply with any bonding requirement this Court applies under Bankruptcy Rule 8005, thus potentially alleviating Debtor from any substantial prejudice.

## CONCLUSION

16. As this Court did in *Zehela*, 93 I.B.C.R. 296, it should stay its order pending appeal.  This will give Sunshine a meaningful right to obtain the benefits of its appeal.

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 4**

WHEREFORE, for the reasons set forth herein, Sunshine Precious Metals, Inc. and Sunshine Property Group, LLC request that the Court issue a stay of its Sale Order pending the Sunshine Companies' appeal.

DATED May 7, 2010.

        /s/ Robert A. Faucher
Robert A. Faucher

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 5**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Bruce A Anderson    baafiling@ejame.com
- A Dean Bennett    adbennett@hollandhart.com
- Richard Duncan Campbell    rcampbell@cbklawyers.com
- Bradley J Dixon    bjdixon@stoel.com, sagillogly@stoel.com;docketclerk@stoel.com
- Gary W Dyer    gary.w.dyer@usdoj.gov
- David E Eash    deash@ewinganderson.com, bzeski@ewinganderson.com;npitner@ewinganderson.com;ddeltchev@ewinganderson.com;kjordan@ewinganderson.com;bbrown@ewinganderson.com
- Mark A Ellingsen    mae@witherspoonkelley.com, conniem@witherspoonkelley.com;lisam@witherspoonkelley.com
- Robert A Faucher    rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;ntpratt@hollandhart.com
- Howard Funke    hfunke@indian-law.org
- David Philip Gardner    dpg@winstoncashatt.com
- Daniel J Gibbons    daniel.gibbons@painehamblen.com
- Anthony E Grabicki    aeg@randalldanskin.com, bkg@randalldanskin.com,agrabicki-idb@ecf.epiqsystems.com
- Jethelyn Haverfield Harrington    jethelyn@hotmail.com
- Joel P Hazel    JPH@wkdtlaw.com
- Nancy L. Isserlis    nli@winstoncashatt.com, cmr@winstoncashatt.com;dpg@winstoncashatt.com
- Liesel Lehrhaupt    liesel.e.lehrhaupt@hotmail.com
- Gary L McClendon    david.w.newman@usdoj.gov
- John D Munding    munding@crumb-munding.com, brittany@crumb-munding.com
- Darrin L. Murphey    dmurphey@murpheylaw.com, djmurphey@hotmail.com
- Randall A Peterman    rap@moffatt.com, bzb@moffatt.com;kad@moffatt.com;ecf@moffatt.com;moffattthomas@hotmail.com
- Cameron Lee Phillips    cameronphillips@hotmail.com, sara@camphillips.com,cam@camphillips.com,erinewebb@yahoo.com
- AStein Pioneer Funding Group, LLC    adam@pfllc.com

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 6**

- Larry E Prince     lprince@hollandhart.com, chardesty@hollandhart.com;boiseintaketeam@hollandhart.com
- Loren Remsberg     Loren.Remsberg@usdoj.gov, Devin.Gladden@usdoj.gov;Valencia.D'Haiti@usdoj.gov;Karen.Moss@usdoj.gov
- Steven Schneider     sschneider@mbandbps.com
- Peter L Slinn     plslinn@stoel.com, nmevans@stoel.com
- US Trustee     ustp.region18.bs.ecf@usdoj.gov
- Michael C Van     michael@shumwayvan.com, sandy@shumwayvan.com
- Thomas Michael Vasseur     tom@vslawfirm.com, tammy@vslawfirm.com

I further certify that on this same day, I served the foregoing via U.S. Mail, postage prepaid, by facsimile and internet e-mail upon the following person as indicated:

Luckey McDowell  at:  luckey.mcdowell@bakerbotts.com
Baker Botts LLP
2001 Ross Ave
Dallas, TX 75201-2980
Fax:  (214) 953-6503

    /s/ Robert A. Faucher
    for HOLLAND & HART LLP

4812283_1.DOC

**THE SUNSHINE COMPANIES' EMERGENCY MOTION FOR STAY PENDING APPEAL - 7**